IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-03-158-L |
| | ) | No. CIV-05-310-L |
| RAMIRO PEREZ VALDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

On July 23, 2003, a federal grand jury returned an indictment against

defendant charging him with six counts of knowingly and intentionally distributing

methamphetamine.  On September 17, 2003, defendant pled guilty to Count 1 of the

indictment, which charged him with distributing "in excess of 5 grams of

methamphetamine".  Indictment at 1.  In return for his plea of guilty, the government

agreed to dismiss the remaining counts of the indictment.  Plea Agreement at ¶ 10.

In exchange, defendant

knowingly and voluntarily waive[d] his right to:

a.  Appeal or collaterally challenge his guilty plea
and any other aspect of his conviction, including but not
limited to any rulings on pretrial suppression motions or
any other pretrial dispositions of motions and issues;

b.  Appeal, collaterally challenge, or move to modify
under 18 U.S.C. § 3582(c)(2) or some other ground, his
sentence as imposed by the Court and the manner in

1

which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case. . . .

*c.* It is provided that . . . his waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement that are held by the Tenth Circuit or Supreme Court to have retroactive effect.

Id. at ¶ 7.

Pursuant to Fed. R. Crim. P. 32, the presentence investigation report ("PSR") was disclosed to counsel for defendant. The PSR calculated that the methamphetamine distributed by defendant was equal to 8,618.14 kilograms of marijuana equivalent, resulting in a Base Offense Level of 34. The PSR also included a two-point enhancement for possession of a firearm pursuant to § 2D1.1(b)(1). After giving defendant a two-point reduction for acceptance of responsibility, the PSR reflected a Total Offense Level of 34. Neither the government nor defendant raised any objections to the PSR. At sentencing, however, the court *sua sponte* noted that the parties' plea agreement provided that the 2D1.1(b)(1) enhancement was not applicable. Transcript of Proceedings Had on Tuesday, April 6, 2004 at 3. The court enforced the plea agreement and deleted the two-point enhancement, reducing defendant's Total Offense Level to 32, with a sentencing range of 121-151 months rather than the original range of 151-188

2

months.  At the conclusion of the sentencing hearing, the court sentenced defendant to 121 months imprisonment.

Consistent with his waiver of rights, defendant did not appeal his conviction or sentence.  On March 21, 2005, however, defendant filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Defendant presents two grounds for relief.  First, he argues he received ineffective assistance of trial counsel.[1]  He argues counsel failed to object that facts used to enhance his sentence – specifically the drug amounts – were not alleged in the count of the indictment to which he pled guilty.  In addition, he claims counsel was ineffective for not objecting when the court determined sentencing facts based on a preponderance of the evidence standard.  He argues these facts should have been determined by a jury beyond a reasonable doubt.  As his second ground for relief, defendant asserts a claim pursuant to United States v. Booker, 543 U.S. 220 (2005).  Specifically, he argues "his Fifth and Sixth Amendment rights were violated, in that, additional facts were found by a judge and not a jury and at a preponderance of evidence standard and not a reasonable doubt standard, as well as facts were not part of the count of the indictment, thereby depriving him of notice of all facts

---

[1]Defendant also claims that appellate counsel failed to raise these issues.  Memorandum in Support of 28 U.S.C. § 2255 Petition to Vacate or Correct Sentence at 3 [hereinafter cited as "Defendant's Memorandum"].  It is undisputed, however, that defendant did not appeal his conviction or sentence.

necessary to inflict the level of punishment that was imposed." Defendant's Memorandum at 1.

As defendant waived his right to collaterally challenge his conviction and sentence, the court must first determine whether that waiver should be enforced. "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement where both the plea and the waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002). In this case, defendant is not attacking the knowing and voluntary nature of his plea or the waiver of his collateral rights; moreover, there is no claim that the alleged ineffective assistance of counsel tainted the waiver. Rather, defendant asserts that he could not knowingly and voluntarily waive his Fifth and Sixth Amendment rights at sentencing because such rights were foreclosed by Tenth Circuit precedent. A defendant's waiver of collateral rights, however, is not invalidated by subsequent changes in the law. *See* United States v. Porter, 405 F.3d 1136, 1145 (10th Cir.), *cert. denied*, 126 S. Ct. 550 (2005). The court therefore enforces defendant's waiver of his collateral challenge rights. Furthermore, defendant's claims – which are both based on *Booker* – fail on the merits. The Court of Appeals for the Tenth Circuit has clearly held that "*Booker* does not apply retroactively to initial habeas petitions". United States v. Bellamy, 411 F.3d 1182, 1186 (10th Cir. 2005). Nor is defendant entitled to relief pursuant to the rule enunciated in Blakely v. Washington, 524 U.S.

4

296 (2004), because his conviction was final before the Supreme Court issued its decision in that case.  *See* United States v. Price, 400 F.3d 844, 849 (10th Cir.), *cert. denied*, 126 S. Ct. 731 (2005) ("we hold that Blakely does not apply retroactively to convictions that were already final at the time the Court decided Blakely, June 24, 2004.").

Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 24) is DISMISSED.  Judgment will issue accordingly.

It is so ordered this 10th day of April, 2006.

TIM LEONARD
United States District Judge